[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DeWine v. Special Comm. Convened Pursuant to R.C. 3.16 Concerning Sciortino,* Slip Opinion No. 2014-Ohio-4967.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4967

THE STATE EX REL. DEWINE, ATTY. GEN., ET AL. *v.* SPECIAL COMMISSION CONVENED PURSUANT TO OHIO REVISED CODE SECTION 3.16 CONCERNING MICHAEL SCIORTINO.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DeWine v. Special Comm. Convened Pursuant to R.C. 3.16 Concerning Sciortino,* Slip Opinion No. 2014-Ohio-4967.]

*Mandamus—Public officials—R.C. 3.16—Peremptory writ granted—Special commission ordered to proceed as set forth in R.C. 3.16(C )(2).*

(No. 2014-1351—Submitted October 7, 2014—Decided November 10, 2014.)

IN MANDAMUS.

_____

**{¶ 1}** This cause originated in this court on the filing of a complaint for a writ of mandamus.

**{¶ 2}** Upon consideration and pursuant to S.Ct.Prac.R. 12.04, it is ordered by the court that a peremptory writ of mandamus is granted, and the Special Commission is ordered to proceed with its meeting as set forth in R.C. 3.16(C)(2), and to abide by all provisions in that section.

{¶ 3}   It is further ordered that the motion to transport the recordings of the special commission under seal to this court is denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents.

_____

**O'NEILL, J., dissenting.**

{¶ 4}   Respectfully, I dissent.

{¶ 5}   The cornerstone of our democracy is the promise of due process owed by the government to all citizens. It is elementary constitutional law that no man or woman shall be deprived of property or liberty without due process.  And in its most basic definition, due process is the right to be heard in a meaningful fashion.

{¶ 6}   Today, this court places a preposterous rubber stamp upon R.C. 3.16(C)(2), which prescribes an administrative procedure that is unequivocally unconstitutional on its face. A duly elected official, who has been convicted of no crime, can be cast out into the street following a sham proceeding reminiscent of the Spanish Inquisition.  The official, for his day in court, is legally subjected to the skills of the King's men, disguised as assistant attorneys general, who are authorized to make a mockery of justice for all to behold.  Do not worry about the rights of the official or the rules of evidence.  There is no lawyer on the other side. It is a lay-up.  Equipped with attorneys, investigators, and an unlimited budget, the state can write the outcome before the first unchallenged witness is called.

{¶ 7}   And on the side of the official?  Well, the statute says that he must listen politely while the lawyers for the state ply their trade in the courtroom; but lo and behold, his voice must be his own, for he is forbidden meaningful assistance from his lawyer.

**{¶ 8}** We are not the first court to consider what process is due in the context of an administrative proceeding. *E.g., Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). As stated by the United States Supreme Court, although due process can be enigmatic, it ultimately " 'calls for such procedural protections as the particular situation demands.' " *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The voters of Ohio entrusted Mr. Sciortino with his position, and they have an interest in retaining the elected officials they choose. Mr. Sciortino is not a felon, and he has been convicted of no crime. We have a fully competent judicial system to weigh the charges made and proceed accordingly. But the protection of the Constitution that we are all sworn to uphold will not be offered to this accused. I maintain that our collective right to liberty demands that elected officials have a meaningful hearing before being defrocked, even if we have previously held that an elected official has no property rights triggering due process.

**{¶ 9}** The procedure that the majority upholds today arrays all the might and resources of the state against a man armed only with his own voice, with everything to lose. Five years later his day in court will avail him but little. He has already been destroyed the minute this hits the newspapers.

**{¶ 10}** This statute is unconstitutional on its face. And it is an embarrassment to a free society. At a minimum, any due-process analysis demands that when the state of Ohio is represented by the attorney general's office at a hearing, then the "accused" is constitutionally entitled to the legal defense team of his choosing and a hearing worth bringing them to. Anything less is a mockery of justice.

**{¶ 11}** Accordingly, I dissent.

_____

Michael DeWine, Attorney General, Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Matthew J. Donahue, Special Assistant Prosecuting Attorney, for relators.

Michael DeWine, Attorney General, and Ryan L. Richardson and Damian W. Sikora, Assistant Attorneys General, for respondent.

_____